SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
JAIME BARCENAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BARCENAS, an individual, | ) <br> ) <br> ) Case No. <br> ) <br> ) **COMPLAINT FOR DAMAGES AND** <br> ) **INJUNCTIVE RELIEF** <br> ) <br> ) **(1) RACE DISCRIMINATION IN** <br> ) **VIOLATION OF 42 U.S.C. § 1981** <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| UNITED AIRLINES, INC., and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff, JAIME BARCENAS, files this Complaint, and complains of the named Defendants, and each of them, jointly and severally, and for claims, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based upon Plaintiff's claim arising under federal law.

2. Venue is proper in this Court because the acts complained of occurred in the Northern District of California, and the Defendant, UNITED AIRLINES, INC. ("UNITED" or "UAL"), has its principal place of business in the Northern District of California.

3. Plaintiff has been damaged in excess of the jurisdictional amount of this Court.

## INTRODUCTION

4. This is an action for damages for Race Discrimination in violation of federal law. This action arises out of events involving Plaintiff JAIME BARCENAS ("Plaintiff" or "BARCENAS") and Defendant UNITED.

## THE PARTIES

5. Plaintiff is a 49-year-old Hispanic male employed by Defendant UAL since 1986 as a Mechanic.

6. Defendant United Airlines, Inc. is a Delaware Corporation licensed to and doing business within this judicial district.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and Plaintiff therefore sues such Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's injuries as alleged herein were proximately caused by such aforementioned Defendants.

8. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants was acting as the partner, agent, servant, and employee of each remaining Defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining Defendants, and that each Defendant is responsible for the occurrences, acts and omissions of each other Defendant complained of herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff began working for Defendant UNITED on December 11, 1989.

10. Defendant hired Plaintiff as a Mechanic and due to Plaintiff's continued dedication and hard work, he received pay increases and promotions to supervisory positions.

11. Prior to 2010, all performance evaluations of BARCENAS while employed by UNITED were either satisfactory or above-average.

12. When Plaintiff started working full-time as a Supervisor on the midnight shift in late 2006, he was successful and found his manager, Ron Torres, to be supportive of him.

13. However, during the summer of 2007, Defendant hired Larry Muller ("Muller") as the midnight Operation Manager. Though not his immediate supervisor at the time, Muller immediately began to question Plaintiff's qualifications, particularly his educational credentials, even though Plaintiff holds a four-year degree in Aircraft Maintenance with additional courses in management, computer science, and engineering.

14. Additionally, Muller undercut Plaintiff's supervisory authority by instructing him that UNITED management was not permitting any vacation time, then approving any vacation requests made by one of Plaintiff's subordinates. Muller also criticized and attempted to dissuade Plaintiff's attempts to address and resolve complaints about workload allocation between the maintenance shifts, even though Plaintiff was ultimately vindicated when another manager was removed for allowing his mechanics to avoid work.

15. In early 2008, Plaintiff learned that Muller had convinced UNITED's management to lay off approximately 40% of the mechanics on Plaintiff's midnight shift. Thereafter, despite assurances to the contrary from Muller and Manager Darleen Marvin-Nielson ("Marvin-Nielson"), Plaintiff was still held accountable for one-third of the overall maintenance productivity with his much-reduced crew.

16. When complaints were lodged about the unrealistic productivity expectations placed upon Plaintiff's crew after the layoffs, Muller would reply, "anybody can fix airplanes with people," or words to that effect, which Plaintiff understood to mean that his shift should complete all the appropriate paperwork without actually making the repairs per FAA regulations.

17. Muller also instructed Plaintiff to modify all accident reports to show that only the employee was at fault as opposed to an unsafe condition or equipment failure.

COMPLAINT

18.  Because of these incidents, Plaintiff requested a transfer to another dock, which Muller refused.  Thereafter, Marvin-Nielson was transferred, and Muller subsequently became Plaintiff's immediate supervisor.

19.  In or around late 2008 or early 2009, Plaintiff applied for a clerical supervisor position on the day shift. Despite Plaintiff's ample qualifications, Muller awarded the position to Mike McDermott ("McDermott"), a Caucasian mechanic who lacked supervisory experience and the educational credentials that Plaintiff had.

20. Even after Plaintiff transferred to another dock where Muller no longer supervised him, Muller nonetheless completed Plaintiff's 2010 annual performance review.  Accordingly, Plaintiff was given a bad performance appraisal, which Plaintiff duly challenged.  Defendant assigned George Midwin ("Midwin"), an Operations Manager who had previously been banned from QA from working on aircraft, to observe Plaintiff's work.  Midwin's only note was that Plaintiff's shift productivity was too low. Plaintiff thereafter took charge in developing and executing a successful plan to improve productivity. Nevertheless, Midwin gave Plaintiff a bad performance review nonetheless without reviewing the records to substantiate the improvements made by BARCENAS.

21. In January or February 2011, during the Human Resources investigation of Plaintiff's complaint regarding his negative performance review, Senior Manager Sam Rawls ("Rawls") told BARCENAS that Plaintiff's low performance review was necessary for UNITED to give raises to other supervisors.  Rawls also criticized Plaintiff's abilities, stating that he was a better engineer than supervisor. Rawls's findings remained unchanged from Muller's original performance evaluation.

22. In or around mid-2011, Muller pushed for BARCENAS to return to managing the dock overseen by Muller, claiming BARCENAS was the only person who could do the job.

23. The workplace stress suffered by Plaintiff caused him to have bleeding ulcers.  In four days, he lost approximately 45% of his blood, prompting a visit to the emergency room and hospitalization for 2-3 days. Though BARCENAS required two weeks of recovery at home,

COMPLAINT

upon his return, he was blamed by Muller for work-related problems that occurred during his absence.

24. In or around September 2011, Plaintiff was notified of an alleged "Talent Selection Process," whereby Defendant required him to reapply for his current position in order to keep it.

25. In furtherance of Defendant's "Talent Selection Process," Plaintiff was required to attend an interview. One of the three interviewers was Muller.

26. Defendant subsequently denied Plaintiff his former Supervisor position as a result of the "Talent Selection Process."

27. In or around October 2011, Plaintiff was effectively demoted from his Supervisor position to a Mechanic.

28. Other UNITED employees outside of Plaintiff's race were given the same or similar positions to the ones they had prior to the "Talent Selection Process," even though they lacked Plaintiff's work experience and/or educational credentials.

29. Upon information and belief, at the time of the events set forth above, United had in place a set of policies and procedures, identified as "Series 15" of the UNITED workplace guidelines sets forth a requirement, that in determining supervisors who are to be subject to layoff in the case of a reduction-in-force, that supervisors with less than a year tenure in a given position would be laid off first, as such persons had no performance review upon which to base the layoff decision.

30. Upon information and belief, a number of Caucasian supervisors in Plaintiff's department had less that one year of service at the time of the implementation of the "Talent Selection" process; including Mike McDermott, Dan who worked in Dock 7, and Bennet in Dock 1, each of whom were not displaced by the Talent Selection Process.

31. Based upon the operation of United's Series 15 and other provisions of the policies and procedures which set forth the expectations of UNITED and its managerial employees, Plaintiff should not have been displaced by the Talent Selection process.

32. Because of his demotion, Plaintiff suffered a substantial loss of income, which forced him to file for bankruptcy and seek a mortgage modification to prevent foreclosure of his home.

COMPLAINT

33. BARCENAS'S ulcers worsened and he spent the next two and a half years in and out of the hospital. He has almost died six or seven times from losing too much blood. The blood loss also caused to him to develop chronic anxiety, from which he still suffers presently.

**FIRST CLAIM**
**RACE DISCRIMINATION**
**42 U.S.C. § 1981**

34. As a first, separate, and distinct claim, Plaintiff complains of Defendants, and each of them, jointly and severally, and alleges as follows.

35. In engaging in the conduct alleged herein, UNITED, through its agents and/or employees, intentionally, willfully, and without justification, deprived Plaintiff of the benefits of employment based upon his race in violation of 42 U.S.C. §§ 1981.

36. As a direct result of the acts and conduct of UNITED, by and through its agents and/or employees, as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial.

37. In so doing the acts and engaging in the conduct alleged herein, UNITED intended to and did vex, harass, annoy, and cause Plaintiff to suffer and continue to suffer emotional distress, and did so with malice entitling Plaintiff to punitive damages.

38. As a direct and proximate result of the willful, knowing, and intentional discrimination against Plaintiff, he has suffered mental distress, anguish, and indignation. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For a permanent mandatory injunction requiring Defendant UNITED to return Plaintiff to his former position with full seniority pay and benefits;

2. For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

6

COMPLAINT

3. For special damages in amounts according to proof;

4. For punitive and exemplary damages in an amount according to proof;

5. For attorneys' fees as provided by law;

6. For interest as provided by law;

7. For costs of suit herein; and

8. For such other and further relief as the Court deems fair and just.

Dated: May 29, 2014   SMITH PATTEN

   _/s/ Dow W. Patten_
   SPENCER F. SMITH
   DOW W. PATTEN
   Attorneys for Plaintiff
   JAIME BARCENAS

## JURY DEMAND

Plaintiff hereby demands trial by jury of all matters so triable.

Dated: May 29, 2014   SMITH PATTEN

   _/s/ Dow W. Patten_
   SPENCER F. SMITH
   DOW W. PATTEN
   Attorneys for Plaintiff
   JAIME BARCENAS

COMPLAINT