Tracy Thompson (SBN 88173)
  tt@millerlawgroup.com
M. Michael Cole (SBN 235538)
  mmc@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BARCENAS, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC. and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No: CV-14-2504 JCS<br><br>**ANSWER OF DEFENDANT UNITED AIRLINES, INC. TO COMPLAINT FOR DAMAGES**<br><br><br>Complaint filed: May 30, 2014 |

Defendant United Airlines, Inc. hereby answers Plaintiff Jaime Barcenas' Complaint for Damages ("Complaint") as follows:

**JURISDICTION AND VENUE**

1.   Defendant admits the allegations contained in Paragraph 1 of the Complaint.

1

**ANSWER OF DEFENDANT UNITED AIRLINES, INC. TO COMPLAINT FOR DAMAGES**
**Case No.: CV 14-02504-JCS**

2. Defendant admits that venue is proper in the Northern District of California. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint, and further denies that Plaintiff has been damaged in any amount, or at all.

**INTRODUCTION**

4. Defendant admits that Plaintiff purports to bring a claim for Race Discrimination under federal law. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

**THE PARTIES**

5. Defendant admits that Plaintiff is 49 years old, Hispanic, male, and that he is currently employed by Defendant. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits it is a Delaware corporation and conducts business in this judicial district. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

**ANSWER OF DEFENDANT UNITED AIRLINES, INC. TO COMPLAINT FOR DAMAGES**
**Case No.: CV 14-02504-JCS**

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was hired as a mechanic. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, on that basis, denies the allegations contained therein.

12. Defendant admits that Plaintiff worked as a supervisor in 2006 on the midnight shift. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and, on that basis, denies the allegations contained therein.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff received a rating of "underperforms" on his 2010 performance review and that Plaintiff challenged this review. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff was notified of the Talent Selection Process. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that Lawrence Muller interviewed Plaintiff during the Talent Selection Process. Defendant denies the remaining allegations contained in

Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff was not selected for the position of Supervisor as part of the Talent Selection Process. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.]

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, on that basis, denies the allegations contained therein.

# FIRST CLAIM
# RACE DISCRIMINATION
# 42 U.S.C. §1981

34. No answer is required to paragraph 34 of the Complaint as it does not contain any factual allegations.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## **AFFIRMATIVE DEFENSES**

For and as a separate affirmative defense to each and every claim for relief set forth in the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Defendant alleges that Plaintiff's claim is barred by the applicable statutes of limitations including, but not limited to, 28 U.S.C. § 1658(a) and California Code of Civil

Procedure § 335.1 (as well as any other statutes that include applicable time bars). For example, in the Complaint, Plaintiff appears to allege conduct dating back to 2007 as the basis for his claims. (*See* Complaint ¶ 13.) Such conduct would clearly fall outside the applicable statutes of limitations. As a further example, Plaintiff's allegation that he was not selected for the position of supervisor during the Talent Selection Process in 2011 is akin to a claim for failure to hire. Such a claim was cognizable before the 1991 amendments to 42 U.S.C. § 1981 and therefore subject to the two year statute of limitations under California Code of Civil Procedure § 335.1.

### SECOND AFFIRMATIVE DEFENSE
### (Mixed Motives)

Defendant alleges that, if it is found that its actions were motivated by both discriminatory and nondiscriminatory reasons, the nondiscriminatory reasons alone would have induced it to make the same decision. *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *Harris v. City of Santa Monica* (2013) S181004, Ct. App. 2/8 B199571 (L.A. County Sup. Ct. No. BC341569).

### THIRD AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

Plaintiff alleges that he was injured while performing his job duties. For example, Plaintiff alleges that he sustained emotional and physical distress as a result of Defendant's conduct. (*See* Complaint, ¶¶ 23, 33, 37, 38.) Therefore, if Plaintiff has suffered any physical and/or emotional injuries related to his work for Defendant, his exclusive remedy for such injuries is provided by California Labor Code § 3200 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendant is informed and believes and thereon alleges that Plaintiff has failed to exercise reasonable diligence to mitigate the damages alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

Defendant alleges that any recovery on Plaintiff's Complaint, or any purported claim for relief alleged therein, is barred to the extent that Defendant discovers additional evidence indicating that Plaintiff engaged in conduct before or while working for Defendant that precludes or limits his assertion of the claims for relief and/or damages.

### SIXTH AFFIRMATIVE DEFENSE
### (Judicial Estoppel)

Defendant alleges that Plaintiff's claims are barred by the doctrine of judicial estoppel insofar as he failed to disclose his claim in his petition for bankruptcy before the United States Bankruptcy Court, Northern District of California.

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by the Complaint and that the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Defendant on all claims;

3. For costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court deems proper.

Dated: July 9, 2014                          MILLER LAW GROUP
                                                  A Professional Corporation

By:    /s/ Tracy Thompson
       Tracy Thompson
       M. Michael Cole
       Attorneys for Defendant
       UNITED AIRLINES, INC.

4827-3764-6107, v. 1

**ANSWER OF DEFENDANT UNITED AIRLINES, INC. TO COMPLAINT FOR DAMAGES**
**Case No.: CV 14-02504-JCS**