Tracy Thompson (SBN 88173)
 *tt@millerlawgroup.com*
M. Michael Cole (SBN 235538)
 *mmc@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BARCENAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: CV-14-2504 EDL<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Date: December 16, 2014<br>Time: 9:00 a.m.<br>Judge: Hon. Elizabeth D. Laporte<br>Ctrm: E<br><br>Complaint filed: May 30, 2014 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION……………………………………………………………………………….1

II. FACTUAL BACKGROUND………………………………………………………………….2

III. ARGUMENT……………………………………………………………………………………4

    A. Plaintiff's Motion Rests On Mischaracterizations Of The Relevant Proceedings………………………………………………………………….4

    B. Rule 16 (Not Rule 15) Of The Federal Rules of Civil Procedure Governs Plaintiff's Motion………………………………………………… 5

    C. Because Of Plaintiff's Lack Of Diligence, He Has Not Established Good Cause For Amending The Scheduling Order………………….6

    D. Even If He Has Good Cause To Amend The Scheduling Order, Leave To Amend Should Not Be Granted……………………………………………..7

        1. Plaintiff's Amendment Would Be Futile Because His Failure To Promote Theory Is Barred By The Applicable Statute of Limitations…….8

        2. Plaintiff Has Not Been Diligent……………………………………………10

        3. Plaintiff Seeks This Amendment In Bad Faith……………………………..11

IV. CONCLUSION………………………………………………………………………………..12

# TABLE OF AUTHORITIES

Page

**Cases**

*Allen v. City of Beverly Hills*
  911 F.2d 367 (9th Cir. 1990) .................................................................................................. 7

*Altman v. HO Sports Co.*
  2010 U.S. Dist. LEXIS 133280 (E.D. Cal. 2010) ................................................................... 7

*Bonillas v. United Airlines, Inc.*
  Case No. 12-cv-065784-SBA (EDL) ............................................................................. passim

*Bonin v. Calderon*
  59 F.3d 815 (9th Cir. 1995) ................................................................................................ 7, 8

*Coleman v. Quaker Oats Co.*
  232 F.3d 1271 (9th Cir. 2000) ............................................................................................... 5

*Eidem v. Glebe*
  2012 U.S. Dist. LEXIS 65812 (W.D. Wash. 2012) ............................................................... 7

*Goodman v. Lukens Steel Co.*
  482 U.S. 656 (1987) .............................................................................................................. 8

*Jackson v. Bank of Hawaii*
  902 F.2d 1385 (9th Cir. 1990) ............................................................................................. 11

*Jones v. R.R. Donnelly & Sons Co.*
  541 U.S. 369 (2004) .............................................................................................................. 8

*Loehr v. Ventura County Cmty. Coll. Dist.*
  743 F.2d 1310 (9th Cir. 1984) ............................................................................................... 7

*Osakan v. Apple Am. Grp.*
  Case No. 08-cv-4722 SBA, 2010 WL 1838701 (N.D. Cal. May 5, 2010) ............................ 6

*Paterson v. McLean Credit Union*
  491 U.S. 164 (1989) .............................................................................................................. 8

*Percy v. San Francisco General Hosp.*
  841 F.2d 975 (9th Cir. 1988) ............................................................................................... 10

*Rodriguez v. Gen. Motors Corp.*
  27 F.3d 396 (9th Cir. 1994) ................................................................................................... 9

*Swanson v. United States Forest Service*
  87 F.3d 339 (9th Cir. 1996) ................................................................................................... 7

*Texaco v. Ponsoldt*
  939 F.2d 794 (9th Cir. 1991) ............................................................................................... 11

**Statutes**

28 U.S.C. § 1658 ................................................................................................................ 8
42 U.S.C. § 1981 ..........................................................................................................1, 2, 9
Code Civ. Proc. § 335.1 ..................................................................................................... 8

**Rules**

Fed. R. Civ. Proc. 15(a) ..................................................................................................... 7

## I. INTRODUCTION

The Complaint filed by Plaintiff in this case alleges a single cause of action under 42 U.S.C. § 1981 for race discrimination. Plaintiff's Section 1981 claim arises out of his not being selected for a supervisor position he had previously held due to a talent selection process which Defendant undertook following its merger with Continental Airlines. Now, several months after filing his Complaint, and after the Parties completed their Rule 26 conference and twice appeared for an initial Case Management Conference, Plaintiff seeks to amend his Complaint to add a failure to promote theory. This new theory arises out of another supervisor position Plaintiff allegedly applied for in September 2012; an entirely distinct position with different decision-makers. Plaintiff's belated request must be denied.

First, the Court has already entered a Rule 16 scheduling order which effectively forecloses amending the pleadings, absent modification of that order. In turn, modification of a scheduling order under Rule 16 requires Plaintiff to establish "good cause." This Plaintiff cannot do, particularly since he has not been diligent in this matter. To that end, Plaintiff's "explanation" for the proposed amendment is that discovery in a separate matter supposedly revealed that he had been denied another supervisor position.[1] But that discovery, as discussed below, was produced to Plaintiff more than a month **before** he filed the Complaint in this action. In addition, Plaintiff was the person who allegedly applied for this other position in 2012. Given that, he can scarcely now claim that he was unaware of the facts giving rise to this new claim. Because he was already in possession of the relevant facts since 2012, he cannot be said to have acted diligently by waiting until now to aset this claim. This alone ends the inquiry, regardless of any prejudice to Defendant.

Second, even if Plaintiff could establish "good cause" for modifying the

---

[1] The discovery referenced by Plaintiff consists of documents Defendant produced on April 25, 2014, in *Bonillas v. United Airlines, Inc.*, Case No. 12-cv-065784-SBA (EDL) ("*Bonillas*"). *See* Declaration of Tracy Thompson ("Thompson Decl.") ¶ 4

1
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**
**Case No.: CV-14-2504 EDL**

scheduling order at this juncture (which he cannot), his request for leave to amend should still be denied. Aside from the fact that he has not been diligent, his proposed amendment is futile. Contrary to Plaintiff's suggestion, the applicable statute of limitations for his proposed failure to promote claim is two years, not four years. And as Plaintiff's proposed amendment on its face alleges that he applied for this position in September 2012, it is clearly time barred. Moreover, there are serious concerns as to whether Plaintiff's motion for leave to amend is brought in good faith. As detailed below, there is no indication in the discovery produced in the *Bonillas* matter that Plaintiff even applied for a supervisor position in September 2012. Further discovery already produced in this case confirms that fact.

For all these reasons, Plaintiff's motion should be denied.

## II.  FACTUAL BACKGROUND

Plaintiff filed his Complaint on May 30, 2014. *See* Docket Entry No. 1. The Complaint alleges a single cause of action for race discrimination pursuant to 42 U.S.C. § 1981 based solely on the decision by Defendant not to select Plaintiff for a position as a supervisor in the fall of 2011 as part of a talent selection process. *See* Complaint at ¶¶ 24-38.[2] On or about August 11, 2014, the Parties held their Rule 26 conference. In their Joint Case Management Conference Statement, which was filed on August 26, 2014, the Parties specifically stated that they did "not intend to amend their pleadings at this time." *See* Docket Entry No. 21 at p. 6 (section 5).

On September 5, 2014, the Parties appeared for their initial Case Management Conference ("CMC") before Judge White. At that conference, Plaintiff made no mention of any intent to seek leave to amend his Complaint. *See* Thompson Decl. ¶ 2, Ex. A (9/5/14

---

[2] As noted, Defendant went through a talent selection process for all management, supervisory, and administrative employees following the merger with Continental Airlines as a means for combining the two workforces.

CMC Transcript).  Subsequently, the Parties agreed to proceed with this matter before Chief Magistrate Judge Laporte.  *See* Docket Entry No. 23.  Accordingly, the case was reassigned and the Parties appeared for a further CMC on October 14, 2014.  Although the Order setting the further CMC indicated that an updated case management statement could be filed if the Parties so desired, no such statement was filed.  *See* Docket Entry No. 26.

At the CMC before Judge Laporte, the following exchange occurred on the topic of amending the pleadings:

> THE COURT: Is there any - - there's no intent to amend the pleadings, or add other parties, I think?
>
> MR. PATTEN: No, your Honor . . . .

*See* Declaration of Tracy Thompson ("Thompson Decl.") ¶ 3, Ex. B (10/14/14 CMC Transcript at 3:17-19).  Plaintiff's counsel then proceeded to discuss with the Court a discovery issue regarding the use of numerical identifiers for comparators, and the need for a "key" to the names of each employee associated with an assigned litigation identification number.  *See id.* at 3:19-4:20.  It was on **this** issue that the Court ordered the Parties to meet and confer.  *Id.* at 4:24-5:8.

Following the CMC, the Court issued a revised scheduling order.  The revised order makes no mention of amending the pleadings, presumably because Plaintiff had represented that he had no intention to amend his Complaint.  *See* Docket Entry Nos. 29 and 36.  Nevertheless, Plaintiff now seeks to amend his Complaint to add a failure to promote claim based on a supervisor position he asserts he applied for in or around September 2012.[3]  *See* Proposed First Amended Complaint at ¶¶ 34-35.

---

[3] As discussed *infra* pp. 11-12, Defendant has serious concerns as to whether this is even alleged in good faith.

## III.   ARGUMENT

### A. Plaintiff's Motion Rests On Mischaracterizations Of The Relevant Proceedings

Plaintiff's motion rests on two arguments.  First, that at the October 14, 2014 CMC, the Court ordered the parties to meet and confer with regard to Plaintiff's request to amend his Complaint to allege a new adverse employment action.  *See* Plaintiff's Motion at 3:23-4:2; 5:9-12.  Second, that discovery in the *Bonillas* matter revealed that Plaintiff had applied for another supervisor position in or around September 2012.  *See* Plaintiff's Motion at 3:17-21.  Both of these arguments are based on mischaracterizations of the record.

First, the Court **did not** order the Parties to meet and confer regarding a possible amendment to Plaintiff's Complaint to allege a new adverse employment action.  In fact, as noted above, Plaintiff specifically told the Court that he **did not** intend to amend his Complaint.  *See* Thompson Decl. ¶ 3, Ex. B (10/14/14 CMC Transcript at 3:17-19).  Plaintiff's counsel then proceeded to discuss an issue involving discovery which had been produced in the *Bonillas* matter regarding applicants for additional supervisor positions.  Specifically, Plaintiff's counsel claimed that because numerical identifiers were used in *Bonillas* to protect the privacy of these individuals, he wanted a key to identify the individuals when examining witnesses in this case.  *Id.* at 3:19-4:20.  As the transcript confirms, it was on **this issue** that the Court ordered the Parties to meet and confer.  *Id.* at 4:24-5:8.

Second, the *Bonillas* discovery referenced by Plaintiff makes no mention of a September 2012 position.  As this Court is aware, *Bonillas* involved another plaintiff who was not selected for a different supervisor position in 2011 during Defendant's talent selection process.  In *Bonillas*, an issue arose as to the proper scope of discovery.  In response to a motion to compel filed by Bonillas, this Court ultimately ordered Defendant to produce (within 15 days) certain documents pertaining to the talent selection process as it applied to three additional employees other than Bonillas.  *See Bonillas* Docket, Entry No. 119.  These three other employees, including Barcenas (Plaintiff here), had all applied for the same position as

Bonillas.  Thompson Decl. ¶ 4.  In its supplemental production, Defendant turned over information pertaining to the talent selection process as it applied to Barcenas (among others).  Nowhere in Defendant's production is there a reference to a September 2012 position.  In fact, the information which was produced in *Bonillas* pertained to the position Barcenas previously held but for which he was not selected and which is already the subject of his Complaint.   Thompson Decl. ¶ 5.

**B.     Rule 16 (Not Rule 15) Of The Federal Rules of Civil Procedure Governs Plaintiff's Motion**

Plaintiff contends that under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is freely granted.  But Plaintiff's request to amend his Complaint should not be analyzed under Rule 15.  Rather, Plaintiff's request must be analyzed under Rule 16, which applies to scheduling and modifying schedules in a case.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (finding that issue of amending pleadings was properly analyzed under Rule 16 and not Rule 15).

As the court in *Coleman* explained, requests seeking leave to amend a pleading must be analyzed under Rule 16's heightened standard of "good cause" where amending the pleadings would first require modifying the deadlines of a scheduling order *Id.*[4]  "Good cause" under Rule 16 involves consideration of the diligence of the party seeking the amendment.  *Id.* The opposing party is not required to establish prejudice.  Indeed, if a "party was not diligent, the inquiry should end."  *Osakan v. Apple Am. Grp.,* Case No. 08-cv-4722 SBA, 2010 WL 1838701, *3 (N.D. Cal. May 5, 2010).

---

[4] Although the Court here did not set a deadline for amending pleadings it is clear that it did not mean to leave it open-ended because Plaintiff specifically represented that he did not intend to amend his Complaint.  Thus, Plaintiff's belated request to amend his Complaint would still require a modification of the pretrial scheduling order.

C.  **Because Of Plaintiff's Lack Of Diligence, He Has Not Established Good Cause for Amending the Scheduling Order**

To allow leave to amend at this juncture would be to reward Plaintiff's lack of diligence.  Denial of Plaintiff's motion is particularly appropriate since Plaintiff has no excuse for not having alleged his failure to promote claim as part of his original Complaint.

The Complaint in this action was filed on May 30, 2014.  But by Plaintiff's own admission, he already had in his possession information which allegedly supported his failure to promote claim **before** he filed his Complaint.  Specifically, Plaintiff's counsel asserts that discovery in a "related" case revealed that Plaintiff applied not only for his former position during the talent selection process, but for another position in 2012 as well.  *See* Plaintiff's Motion at 3:17-22; Declaration of Dow W. Patten at ¶ 4.  The discovery referenced by Plaintiff consists of documents Defendant produced on April 25, 2014, in the *Bonillas* matter.  *See* Thompson Decl. ¶ 4.  Thus, Plaintiff had the supposed "discovery" on which he bases his proposed amendment more than a **full month** before the Complaint in this action was even filed.  Plaintiff had more than sufficient information regarding his rights and possible claims before he filed his Complaint, yet chose to sit on that information until now.

Plaintiff's lack of diligence is particularly egregious considering that the parties conducted their Rule 26 conference and appeared on **two separate occasions** before the Court to set the initial scheduling order.  **Not once** did Plaintiff ever mention an intent to amend his Complaint.  Indeed, as the transcript from the last case management conference makes plain, the Court specifically asked whether there would be any amendments to the pleadings, and Plaintiff responded in the negative.

As the party initiating this action, who is and was in full possession of the information supporting the proposed amendment, Plaintiff should have included all possible

6
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**
**Case No.: CV-14-2504 EDL**

claims in his initial Complaint.

### D.  Even if He Has Good Cause To Amend The Scheduling Order, Leave to Amend Should Not Be Granted

Even assuming that Plaintiff has established "good cause" under Rule 16 to permit him to amend his Complaint, his motion should nonetheless be denied pursuant to Rule 15. Rule 15 governs the amendment of complaints, and states that if a responsive pleading has already been filed (as is the case here), the party seeking amendment may do so "only by leave of court or by written consent of the adverse party." Fed. R. Civ. Proc. 15(a). In evaluating a Rule 15 motion to amend, the Court may consider various factors, including undue delay, bad faith, and futility. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

The Court has discretion to grant or deny leave to amend a complaint. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). A court does not abuse its discretion when it denies a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Eidem v. Glebe*, 2012 U.S. Dist. LEXIS 65812 *14, 18 (W.D. Wash. 2012) (no leave to amend where "Plaintiff has provided no satisfactory explanation for his failure to allege this claim originally" and "Plaintiff has provided no good reason for waiting so long to assert his new claims"); *Altman v. HO Sports Co.*, 2010 U.S. Dist. LEXIS 133280 *11 (E.D. Cal. 2010) (no leave to amend where the bases for a new claim "were sufficiently known" to the party at the time of the filing of the operative complaint).

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
Case No.: CV-14-2504 EDL**

### 1. Plaintiff's Amendment Would Be Futile Because His Failure To Promote Theory Is Barred By The Applicable Statute of Limitations

As noted, Plaintiff seeks to amend the Complaint so as to add a claim for failure to promote him due to race discrimination for a position that he alleges he applied for in or around September 2012. *See* Proposed First Amended Complaint at ¶¶ 34-35. But Plaintiff's proposed amendment is futile, as his failure to promote claim is barred by the statute of limitations, and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845.

Section 1981 does not itself contain a statute of limitations. Instead, one of two possible statute of limitations applies. The first possible statute of limitations is two years, derived from "the most appropriate or analogous state statute of limitations" applicable to personal injury actions. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987); *see* Cal. Code Civ. Proc. § 335.1. The second possible statute of limitations is four years, and is based on 28 U.S.C. § 1658, a catch-all statute of limitations that applies to actions arising under federal statutes enacted after December 1, 1990. *See Jones v. R.R. Donnelly & Sons Co.,* 541 U.S. 369, 382 (2004)

As the U.S. Supreme Court explained in *Jones v. R.R. Donnelly & Sons Co.,* 541 U.S. 369, 382 (2004), a determination as to which statute of limitations applies will depend upon the nature of the claim and an analysis of whether it was cognizable under Section 1981 as it was originally enacted, or whether it only became cognizable due to certain amendments enacted by Congress in 1991.[5]  In other words, if Plaintiff's claim is cognizable

---

[5] Section 1981 originally provided that "all persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." In *Paterson v. McLean Credit Union*, 491 U.S. 164, 176-78 (1989), the Supreme Court interpreted this language to protect against discrimination only in the formation of a contract, "but not to problems that may arise later from the conditions of continuing employment." *See also, e.g., Goodman*, 541 U.S. at 373. In 1991, Congress responded to the *Patterson* decision by enacting a new subsection
*continued*

8
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**
**Case No.: CV-14-2504 EDL**

1 under Section 1981 as it existed before the 1991 amendments, a 2-year statute of limitations
2 applies. But if his claim is cognizable due to the 1991 amendments, the catch-all 4-year
3 statute of limitations applies.

5 Generally speaking, failure to promote claims which involve promotions that
6 "rise[ ] to the level of an opportunity for a new and distinct relationship between the employee
7 and the employer" were cognizable under Section 1981 before the 1991 amendments. *See*
8 *Patterson*, 491 U.S. at 185. To that end, an actionable promotion claim under Section 1981
9 typically involves "an increase in pay and duties" and "a meaningful, qualitative change in the
10 contractual relationship." *See Rodriguez v. Gen. Motors Corp.*, 27 F.3d 396, 399 (9th Cir.
11 1994). Among the salient changes are "the addition of supervisory duties." *Id.*

13 Here, Plaintiff's Complaint alleges that "Defendant hired Plaintiff as a mechanic
14 and due to Plaintiff's continued dedication and hard work, he received pay increases and
15 promotions to supervisory positions." Complaint at ¶ 10. He also alleges that Defendant
16 "denied Plaintiff his former Supervisor position as a result of the 'Talent Selection Process'"
17 and that in or about October 2011, he "was effectively demoted from his Supervisor position
18 to a Mechanic." Complaint at ¶¶ 26-27. As a result of this "demotion", Plaintiff alleges that he
19 "suffered a substantial loss of income." Complaint ¶ 31.

21 In the proposed First Amended Complaint, Plaintiff, who remains employed as a
22 mechanic, alleges that that he was denied a promotion to a different supervision position in or
23 about September 2012. *See* Proposed First Amended Complaint at ¶ 35. Had he gotten this

---

25 to Section 1981, defining the term "make and enforce contracts" to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the
26 contractual relationship" and thereby expanding the scope of claims cognizable under Section 1981. *See* 42 U.S.C. § 1981(b).

9
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**
**Case No.: CV-14-2504 EDL**

promotion and become a supervisor again, Plaintiff presumably would have assumed commensurate supervisory duties and responsibilities, as well as received an increase in pay. It follows that his failure to promote claim is cognizable under Section 1981 pre-amendment, and therefore, the two year statute of limitations applies to his claim.  And because Plaintiff alleges that he applied for the promotion in September 2012 and it is now November 2014, Plaintiff's claim is clearly barred by the statute of limitations.  His proposed amendment would be futile.

To the extent Plaintiff attempts to argue that his proposed amendment would relate back to his original Complaint, this argument must fail.  Plaintiff is essentially alleging two separate and distinct adverse employment actions.  The one, which is alleged in his original Complaint as an "effective" demotion, is premised on his not being selected for a supervisor position he previously held.[6]  The second is a failure-to-promote based on Plaintiff not being selected for a **different** supervisor position involving different decision-makers to which he later applied during the period he had been employed as mechanic.  The original Complaint, however, contains no reference to Plaintiff's application to this other position as even being at issue.  Even under the most liberal reading of the relation back doctrine, Plaintiff's original Complaint did not properly put Defendant on notice that anything other than his not being selected in 2011 for the position he previously held was at issue.  Accordingly, the relation back doctrine cannot save Plaintiff's new claim from being barred by the statute of limitations.  *See*, *e.g., Percy v. San Francisco General Hosp.*, 841 F.2d 975, 979-80 (9th Cir. 1988) (relation back doctrine does not apply where original complaint did not put defendant on notice of the new facts).

### 2. Plaintiff Has Not Been Diligent

Undue delay has occurred when a party has filed a motion for leave to amend

---

[6] Defendant also believes that the decision not to select Plaintiff for a supervisor position in 2011 as alleged in the original Complaint is also barred by a 2-year statute of limitations.

10
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT
Case No.: CV-14-2504 EDL**

long after it should have become aware of the information that underlies that motion. *See, e.g.*, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading"). Undue delay "is a valid reason for denying leave to amend." *Texaco v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). As discussed *supra* pp. 4-5, the supposed discovery on which Plaintiff bases this amendment was produced in April 2014, more than a month before Plaintiff filed his Complaint. Not only that, Plaintiff himself necessarily had the information about his other applications before he initiated this Action and could have alleged it when he filed his Complaint. Plaintiff has not been diligent and has unduly delayed in seeking to amend his Complaint.

### 3. Plaintiff Seeks This Amendment In Bad Faith

There are serious concerns, evident from the record and discovery produced to date, as to whether Plaintiff's proposed amendment is well-founded and brought in good faith.

First, Plaintiff claims that the discovery produced in the *Bonillas* matter and discussed at the CMC revealed that he had applied for another supervisor position in or around September 2012. *See* Plaintiff's Motion at 3:17-21. But that is not true. As described *supra* pp. 4-5, the discovery produced by Defendant in the *Bonillas* concerned the same supervisor position Plaintiff had applied for in 2011 and which is already the subject of the current Complaint. Thompson Decl. ¶¶ 4-5. The documents produced *Bonillas* make no reference to a September 2012 position. Thompson Decl. ¶ 5.

Second, documents already produced by Defendant in this case further confirm that Plaintiff did not apply for a supervisor position in September 2012. Specifically, Defendant produced to Plaintiff a full copy of his profile from its Taleo system. This system tracks all of Plaintiff's applications for management/supervisory positions. A review of Plaintiff's Taleo profile reveals that there is no supervisor position that Plaintiff applied for in

September 2012. Thompson Decl. ¶ 6, Ex. C (United/Barcenas000308-360). This document was produced to Plaintiff on September 25, 2014, nearly a full month before Plaintiff first sought Defendant's agreement to amend his Complaint.

Considering that Plaintiff had the discovery produced in *Bonillas* weeks before he filed his Complaint and that subsequent discovery produced in this case confirms that he did not apply for a supervisor position in September 2012, it appears that Plaintiff's proffered amendment is not brought in good faith. For this reason alone, Plaintiff's request for leave to amend should be denied.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff's motion seeking leave to amend his Complaint should be denied.

Dated: November 25, 2014　　　　　　　　MILLER LAW GROUP
　　　　　　　　　　　　　　　　　　　　A Professional Corporation


　　　　　　　　　　　　　　　　　　　　By: /s/ Tracy Thompson
　　　　　　　　　　　　　　　　　　　　　　Tracy Thompson
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　UNITED AIRLINES, INC.

4826-0628-9184, v. 1