SMITH PATTEN
SPENCER F. SMITH, ESQ. (SBN: 236587)
DOW W. PATTEN, ESQ. (SBN: 135931)
353 Sacramento St., Suite 1120
San Francisco, California 94111
Telephone (415) 402-0084
Facsimile (415) 520-0104

Attorneys for Plaintiff
JAIME BARCENAS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BARCENAS, an individual,<br><br><br>          Plaintiff,<br><br>    v.<br><br><br>UNITED AIR LINES, INC., and DOES 1<br>through 10, inclusive,<br><br><br>        Defendants.<br>_____ | Case No. 3:14-cv-02504-EDL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF<br>MOTION FOR LEAVE TO FILE<br>AMENDED COMPLAINT**<br><br><br>**Date: December 16, 2014<br>Time: 9:00 a.m.<br>Courtroom: E, 15th Floor<br>Hon. Elizabeth D. Laporte**<br><br>**Complaint Filed: May 30, 2014<br>Trial: March 7, 2016** |

Plaintiff, JAIME BARCENAS, through his counsel of record herein, hereby submits the following Reply In Support of Motion for Leave to File Amended Complaint. For the reasons set forth below, Plaintiff's motion should be granted.

## I.    INTRODUCTION

According to Defendant, Plaintiff's motion implicates both Fed. R. Civ. P. 15 and 16. However, because the Court's Scheduling Order did not state a deadline for amendments, Fed. R. Civ. P. 16 is not implicated. Accordingly, the Court should grant Plaintiff's Motion for Leave to File an Amended Complaint because amendments should be applied with extreme liberality, the amendment would not be futile, and Defendant will not be prejudiced.

1

## II.     LAW AND ARGUMENT

### A.     Legal Standard Governing Amendments

#### 1.     Rule 15(a)(2)

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Courts "should freely grant leave when justice so requires." *Id*.  Amendments pursuant Rule 15(a) are liberally granted. *See Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir.1987) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.") *Metcalf v. Countrywide Fin. Corp.,* 2009 U.S. Dist. LEXIS 75573 (N.D. Cal. Aug. 11, 2009) (LaPorte)  Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court declared that the requirement of Rule 15(a) that leave to amend shall be freely given when justice so requires "is to be heeded." The Ninth Circuit has directed district courts to apply the rule favoring amendments to pleadings with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether to allow leave to amend, courts should consider: (1) any bad faith/dilatory motive of the moving party; (2) any prejudice to the opposing party; (3) undue delay; and (4) the futility of the proposed amendment. *Jackson v. Bank of Hawaii*, 902 F. 2d 1385, 1387 (9th Cir. 1990).

Ultimately, prejudice is the critical factor in considering motions for leave to amend. Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973). The party opposing the amendment bears the burden of showing prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 190 (9th

2

Cir. 1987).  *See also Alzheimer's Inst. of Am. v. Elan Corp.* PLC, 274 F.R.D. 272, 276 (N.D. Cal. 2011)(LaPorte)  Defendant has not articulated any prejudice in its Opposition.

### 2.    Rule 16(b)(4)

Rule 16 governs amendments to pretrial scheduling orders. See Fed. R. Civ. P. 16(b). The rule gives district courts wide latitude in entering scheduling orders. A scheduling order may set a deadline for amending the pleadings.   After a scheduling order is entered, it may be amended only upon a showing of "good cause and with the judge's consent." 16(b)(4).   The present motion does not require any change to the Court's scheduling order.  Accordingly, Rule 16 is not implicated by the present motion.

### 3.    Interplay Between the Rules

As articulated above generally, Federal Rule of Civil Procedure 15(a) governs motions to amend pleadings. *See* Fed. R. Civ. P. 15(a).  An exception to the Rule occurs when a party seeks to amend pleadings after a designated date in a Rule 16 scheduling order.  *Johnson v. Mammoth Rec. Inc.*, 975 F.2d 604 (9th Cir. 1992), citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); *see also, Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

 Rule 16(b) does not govern Plaintiff's Motion because there was no deadline to file a motion to amend pleadings set forth in the Court's scheduling order (Dkt # 29)[1]  and amendment would not result in modification of the Scheduling Order.  A good cause determination under Rule 16 is required only when a party seeks relief outside a specific date designated in the scheduling order. *See, Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992) (motion to amend filed after the cutoff date to amend pleadings subject to Rule 16); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 1294-95 (9th Cir. 2000).   As long as a motion to amend a pleading is filed within the time proscribed in the Scheduling Order, Rule 16 is not implicated. Accordingly, Rule 15(a) governs Barcenas's Motion,  and as stated above Fed. R. Civ. P.  15 requires liberal amendments of pleadings in the absence of prejudice.

/ / /

/ / /

---

1   Indeed, the Court specifically set no date for amendments, and instead Ordered: "The parties shall meet and confer regarding the issue Plaintiff's counsel raised during the hearing". *Id.*

REPLY IN SUPPORT OF MOTION FOR LEAVE                    CASE NO. 3:14-cv-02504-EDL

**B.     Amendment Would Not Be Futile**

In Plaintiff's original complaint filed on May 30, 2014,  Mr. Barcenas articulates how he was illegally displaced by the Talent Selection process. (Dkt#1, ¶¶ 20-27) Plaintiff further alleged that, "[u]pon information and belief, a number of Caucasian supervisors in Plaintiff's department had less that one year of service at the time of the implementation of the "Talent Selection" process; including Mike McDermott, Dan who worked in Dock 7, and Bennet in Dock 1, each of whom were not displaced by the Talent Selection Process. (*Id*., ¶ 30)  Plaintiff further alleged that [b]ased upon the operation of United's Series 15 and other provisions of the policies and procedures which set forth the expectations of United and its managerial employees, Plaintiff should not have been displaced by the Talent Selection process.

Plaintiff's proposed amended complaint covers Defendant's continued illegal conduct in refusing to return Plaintiff to his Supervisor position during the Talent Selection process. "In determining whether an amended cause of action is to relate back, the emphasis is not on the legal theory of the action, but whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim." *Gelling v. Dean (In re Dean)*, 11 B.R. 542, 545 (9th Cir. BAP 1981), *aff'd*, 687 F.2d 307 (9th Cir. 1982). In this case, the original complaint contains all of the relevant allegations against United later restated in the First Amended Complaint.  Although the original pleadings may not have been as specific with respect to identifying each adverse employment action Plaintiff suffered during the Talent Selection process, they were sufficient to put United on notice of the claim against it.

An amendment "relates back to the original pleading" when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Claims arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts' such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co*., 517 F3d 1120, 1133 (9th Cir 2008) (citations omitted). "The court compares the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by 'the same kind of evidence' offered in support of the original pleading." *Percy v. San Francisco Gen'l Hosp*., 841

4

F2d 975, 978 (9th Cir 1988) (citations omitted). "[A]mendment of a complaint is proper if the original pleading put the defendant on notice of the "particular transaction or set of facts" that the plaintiff believes to have caused the complained of injury. Fairness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff. *Id.* at 979 (citations omitted).

Barcenas alleges that the use of the Talent Selection Process is central to all of his claims. Indeed, this is Defendant's proffered legitimate business reason for his demotion.  While there may be some new facts alleged and potentially some new witnesses,  plaintiff's single §1981 claim still relates to the same occurrence, namely United's denial of  Barcenas's requests for Supervisor positions during the Talent Selection Process.   As such,  Plaintiff's claim relates back to the original Complaint, and it is therefore timely filed.

### C.    Undue Prejudice

Defendant does not even attempt to argue that it will be prejudiced by the amendment. Courts have held that " '[t]he single most important factor is whether prejudice will result to the nonmovant.' " *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530 (N.D.Cal.1989) (quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed.Cir.1986)); see also *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D.Cal.1997) ("[T]he resulting prejudice to the opposing party is by far the most important and most common reason for upholding a district court's decision to deny leave to amend. The opposing party has the burden of demonstrating prejudice.").  The amendments do not add claims; they augment existing claims against the Defendant with additional factual allegations arising out of the Talent Selection process.  Additionally, there is still substantial time before a possible trial and ample time to complete discovery. Defendant will therefore have "adequate notice" of the factual allegations and "ample opportunity to respond," militating against any finding prejudice.

### D.    The References to 2012 are in Error.

Plaintiff's allegations in the proposed First Amended Complaint at paragraphs 33 through 36 inadvertently referenced 2012 instead of 2011.  This is in error.  Plaintiff seeks to correct that

reference in each paragraph to 2011, and has done so in the attached Exhibit "A" hereto. Accordingly, there is no basis for arguing any prejudice or bad faith motive.

**III.     CONCLUSION**

Discovery has only just commenced in this action, and no depositions have been taken. Defendant does not articulate any potential prejudice.     The amendment arises out of the same facts—the operation of the Talent Selection Process—and does not require any change to the scheduling order.  Accordingly, the Court should permit the amendment.


Respectfully submitted, this 2nd day of December 2014.

SMITH PATTEN


        _/s/ Dow W. Patten_
SPENCER F.SMITH
DOW W. PATTEN
Attorneys for Plaintiff
JAIME BARCENAS

6