IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BARCENAS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIR LINES INC.,<br><br>    Defendant. | No. C -14-2504 EDL<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND** |

## I. Introduction

Plaintiff Jaime Barcenas filed this race discrimination case against his employer, United Airlines, on May 30, 2014. The complaint alleges that in September 2011, Plaintiff was notified of a Talent Selection Process ("TSP") whereby he was required to reapply for his supervisor position in order to keep it. Compl.¶ 24. Plaintiff alleges that, although he reapplied for his position, he was denied and effectively demoted from his supervisor position to a mechanic position. Compl. ¶¶ 25-26. Plaintiff brought suit against Defendant based on his belief that his failure to get the job was discrimination based on his race. The complaint contains a single claim for race discrimination based on his effective demotion following the TSP process in September and October 2011. Plaintiff now contends that discovery in another case has revealed that Plaintiff also applied for but did not receive a second supervisor position as part of the TSP, and seeks leave to amend his complaint to add this additional alleged adverse employment action to support his race discrimination claim. See Patton Reply Decl. Ex. A (Corrected Proposed Amended Complaint) at ¶¶ 34-36. [1]

---

[1] Plaintiff's motion originally attached a proposed amended complaint containing allegations concerning a second adverse action that Plaintiff claimed took place in September 2012. However, after Defendant's Opposition established that Plaintiff did not apply for any position in September 2012, in

1  The parties dispute whether Federal Rule of Civil Procedure 15 or 16 governs this motion, and
2 whether the standard is met regardless of which rule applies. Given the unusual procedural
3 background of this case, it is a close question which rule applies to Plaintiff's request for leave to
4 amend. However, for the following reasons the Court concludes that Plaintiff is not entitled to
5 amend his complaint under either Rule 15 or Rule 16, and his motion is therefore DENIED.

## II. Procedural History

While this case was pending before another judge of this district, the parties filed a joint case management conference statement in which they stated unequivocally: "The parties do not intend to amend their pleadings at this time." Dkt. # 21 at 7. Following an initial case management conference during which the issue of amendment was not discussed, that judge issued a minute order setting case deadlines and a trial date, but the order did not include a deadline for amending the pleadings. See Dkt. # 22. Thereafter, both sides consented to the jurisdiction of a magistrate judge and the case was reassigned to this Court. This Court's order setting a case management conference stated: "Another joint case management conference statement does not need to be filed in advance of the conference, unless the parties wish to update the case management statement filed on August 26, 2014." Dkt. #26. Neither side filed an updated statement, indicating both sides' belief that the previously-filed joint case management conference statement remained accurate. This Court then held a case management conference on October 14, 2014 and specifically asked the parties: "Is there any – there's no intent to amend the pleadings, or add other parties, I think?" Plaintiff's counsel unequivocally responded: "No, your Honor." Tracy Thompson Declaration in Opposition to Motion ("Thompson Decl.") Ex. B at 3. Given Plaintiff's clear statement that there would be no further amendment, there was no further discussion of a deadline for amending the pleadings during the case management conference. Thereafter, Plaintiff's counsel raised a discovery issue that arose in another case in which United was a defendant involving numerical identifiers for comparator-employees relating to a supervisor position. This Court ordered the parties to meet and confer on that issue. Id.

---

his Reply Plaintiff asserted that the reference to 2012 was in error and the second alleged adverse action actually took place in September 2011 as part of the TSP.

2

1 at 4. Following the case management conference, and in light of Plaintiff's statement that there would be no further amendment, the Court issued a case management order that did not contain a deadline to amend the pleadings. See Dkt. # 36.

On October 21, 2014, Plaintiff sent Defendant a letter requesting that Defendant stipulate to an amended complaint containing reference to a second supervisor position "to ensure that there is no question concerning the adverse actions that are at issue in this matter." Patten Decl. Ex. D. The letter states that the issue of amendment was being raised "[a]s we indicated in the Case Management Conference." Id. However, the transcript shows that Plaintiff did not raise the issue of amendment during the case management conference other than to state that he had no plans to amend the complaint. Defendant refused to stipulate in light of Plaintiff's representation to the Court that no amendments were anticipated, because the information regarding the second supervisor position was known to Plaintiff at the time the complaint was filed, and because the new allegations are time-barred. Patten Decl. Ex. E. Plaintiff then filed this motion for leave to amend the complaint.

### III. Legal Standard

Leave to amend is generally granted when requested prior to a deadline under a scheduling order. See Fed. R. Civ. P. 15. In determining whether to allow leave to amend under Rule 15, courts consider: (1) any bad faith/dilatory motive of the moving party; (2) any prejudice to the opposing party; (3) undue delay; and (4) the futility of the proposed amendment. Jackson v. Bank of Hawaii, 902 F. 2d 1385, 1387 (9th Cir. 1990). Ultimately, prejudice is the critical factor in considering motions for leave to amend. Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973). The party opposing the amendment bears the burden of showing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 190 (9th Cir. 1987).

However, where a motion to amend is made after the time set out in a scheduling order, the party seeking amendment must meet a higher "good cause" standard. See Fed R. Civ. P. 16(b). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court

may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006) ("In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.1992), we held that Rule 15(a) did not apply, not because Rule 15 is trumped by Rule 16 once the district court filed a pretrial scheduling order, but rather because the party in Johnson had failed to file his motion to join additional parties within the period of time set in the district court's scheduling order. Id. at 607-08. Put simply, the party could not appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion had to satisfy the more stringent 'good cause' showing required under Rule 16.").

## IV. Discussion

The parties devote significant attention to which Federal Rule of Civil Procedure applies to this motion. Defendant contends that the Rule 16 "good cause" standard should govern this motion in light of Plaintiff's unequivocal statement during the case management conference that no amendment was anticipated, and because the Court has already entered a Rule 16 scheduling order effectively foreclosing a late amendment. Plaintiff counters that the liberal standard of Rule 15 governs because the Court's scheduling order did not expressly set a deadline for amending the complaint. However, Plaintiff's unequivocal statement during the case management conference that no amendment was anticipated is the reason that no amendment deadline was included. Moreover, as Plaintiff conceded at the hearing, Plaintiff had all of the facts needed to support any proposed amendment before this case was filed, and he should not be allowed to gain the benefit of Rule 15's more liberal amendment standard based on an incorrect statement to the Court during the case management conference. Based on this unique procedural background, Rule 16 applies to this motion. However, even if Rule 15 were to apply, Plaintiff would still not be entitled to amend his complaint.

### A. Amendment Under Rule 16

Rule 16 primarily considers the diligence of the party seeking an amendment. Plaintiff claims that he learned of the second supervisor position he now seeks to insert into this case from discovery in another matter involving Defendant, but admits that discovery was produced more than a month

4

before this complaint was filed, and in any event Plaintiff should have known which positions he applied to and was denied. See Thompson Decl. ¶ 4. Further, Plaintiff never mentioned any desire to amend the complaint in the parties' joint case management conference statement or during two previous case management conferences, further indicating that he did not timely pursue an amendment after gaining possession of facts to support it. Plaintiff has the burden of showing good cause and diligence, and has failed to explain why he waited for several months to seek an amendment based on information within his personal knowledge and produced in discovery in a related case before this case was filed. Therefore, no amendment is warranted under Rule 16.

**B. Amendment Under Rule 15**

Even if Rule 15 applies, considerations of prejudice to Defendant, undue delay, and futility weigh against permitting an amendment. Plaintiff argues that there is no prejudice to Defendant because discovery has just started, no depositions have been taken, and the amendment does not create a new claim. See Patten Decl. ¶ 9. Plaintiff further argues that the amendment is made in good faith and without undue delay because he attempted to meet and confer with Defendant following the case management conference. However, these arguments ignore the fact that both Defendant and this Court relied on Plaintiff's assurance during the case management conference that there would be no amendment, as well as the undisputed fact that Plaintiff knew all of the facts supporting his proposed amendment before the complaint was filed. See Thompson Decl. ¶ 4. The Court is also troubled by Plaintiff's last minute correction of the date of the alleged second adverse employment action from 2012 to 2011, only after Defendant established that Plaintiff did not apply for any job in 2012. These facts indicate prejudice to Defendant and clearly show Plaintiff's undue delay. For these reasons, the Court denies Plaintiff's request for leave to amend under Rule 15 as well as Rule 16.

Defendant also argues that leave to amend should be denied as futile because a Section 1981 claim based on a failure to promote that took place in September 2011 would be barred by the two-year statute of limitations.[2] While Defendant's argument may be correct, resolution of this issue

---

[2] Defendant also believes that the two-year limitations period bars Plaintiff's existing claim, but has not moved to dismiss the original complaint based on the statute of limitations.

5

involves factual questions that cannot be answered on a motion for leave to amend. Section 1981 does not contain an express statute of limitations. 28 U.S.C. section 1658 establishes a four-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990. In Jones v. R.R. Donnelley & Sons Company, 541 U.S. 369, 382 (2004), the Supreme Court held that the statute of limitations for a claim brought under 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, is governed by the four-year statute of limitations set forth in 28 U.S.C. § 1658(a) rather than by the personal injury statute of limitations of the forum state (in this case two years) if the plaintiff's claim was made possible by a post-1990 enactment. The 1991 amendment to § 1981 added the subsection defining the statute's "make and enforce contracts" language to include the "termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." See Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004). This amendment expanded the statutory protection to include not only the initiation of the employment relationship, but later modifications during the course of the employment relationship. See CBOCS West, Inc. v. Humphries, 553 U.S. 442, 450-51 (2008).

The 1991 amendment was in response to Patterson v. McLean Credit Union, 491 U.S. 164, 171 (1989), where the Supreme Court held that claims for failure to promote were generally not actionable under § 1981. In addressing the plaintiff's failure to promote claim, the Patterson Court stated that "the question whether a promotion claim is actionable under § 1981 depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." Id. at 185. Patterson held that, "Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981." Id. In Sitgraves v. Allied-Signal, Inc., 953 F.2d 570, 573 (9th Cir. 1992), the Ninth Circuit discussed promotion claims under Patterson, and observed that Patterson "strongly suggests that, in addition to an increase in pay and duties, an actionable promotion claim must involve a meaningful, qualitative change in the contractual relationship." Among the salient changes were "the addition of supervisory duties; a change in the manner in which the contractual relationship can be terminated; a change in the method of compensation and acquisition of potential liability for firm obligations." Id.; see also Rodriguez v. Gen. Motors Corp.,

27 F.3d 396, 399 (9th Cir. 1994). Thus, whether Plaintiff's § 1981 claim (both his original complaint and proposed amendment adding additional allegations regarding another job he applied to at the same time) against United was enabled by the 1991 amendment, and therefore the four-year catchall statute of limitations applies, depends on whether the jobs at issue would have entailed a new and distinct relationship between the parties.

In Alvarado v. FedEx Corp., No. C 04-00098 SI, 2006 WL 644875, at *21 (N.D. Cal. Mar. 13, 2006), a court of this district held that because a plaintiff was working in a non-management position when he applied for the management jobs at issue in the complaint, the promotion denials would have been actionable prior to the 1991 Civil Rights Act, and thus were subject to the applicable state statute of limitations, not the four year catch-all. Plaintiff's factual allegations in his complaint and corrected proposed amended complaint are sparse regarding the position he held prior to the TAP and the positions he sought but failed to receive. His complaint alleges that "Defendant hired Plaintiff as a mechanic and due to Plaintiff's continued dedication and hard work, he received pay increases and promotions to supervisory positions." Compl. ¶ 10. He further alleges that in October 2011 he was denied his former Supervisor position as a result of the TSP and "effectively demoted from his Supervisor position to a Mechanic" and suffered a substantial loss of income. Compl. ¶ 26-27, 31. Plaintiff's corrected proposed amended complaint seeks to add allegations that, in September 2011, he applied for another Supervisor position "after having been demoted back to mechanic" as part of the TSP. Corrected Proposed Amended Complaint at ¶ 34-36.

Defendant argues that, had Plaintiff received the second Supervisor position he applied for, he presumably would have assumed commensurate supervisory duties and responsibilities, as well as received an increase in pay." Thus, according to Defendant, his failure to receive this position would have been actionable prior to the 1991 amendment to § 1981, and therefore is subject to a two-year statute of limitations. While this appears to be a reasonable presumption, there is not currently enough information before the Court to make this determination as a matter of law. The Ninth Circuit has stated that important considerations include not only an increase in pay and duties, but also a meaningful, qualitative change in the contractual relationship such as the addition of supervisory duties, a change in the manner in which the contractual relationship can be terminated, a

7

change in the method of compensation and acquisition of potential liability for firm obligations. It is not clear how or if any of these changes occurred based on Plaintiff's failure to receive either position he allegedly applied to in September 2011. Plaintiff's claim is not necessarily futile based on the statute of limitations, though it may be subject to dismissal at a later stage of this litigation. See Hofmann v. City & County of San Francisco, 870 F. Supp. 2d 799, 808-09 (N.D. Cal. 2012) (refusing to dismiss failure to promote claim based on statute of limitations because there were "no allegations that describe how Plaintiffs' relationship with their employer would have changed had they been promoted, and holding that "[w]hether the two year or the four year statute applies will be resolved on a motion for summary judgment, or at trial if there is a dispute of fact as to whether the promotions at issue amount to new contracts").

Plaintiff does not address whether a two-year or four-year statute of limitations period applies to his claim. Instead, in the context of futility he relies entirely on the "relation back" doctrine. Generally speaking, an otherwise time-barred claim in an amended pleading is deemed timely if it "relates back" to the date of a timely original pleading. Asarco, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir.2014). Under Federal Rule of Civil Procedure 15, an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading. Fed.R.Civ.P. 15(c)(1)(B); Asarco, 765 F.3d at 1004. Plaintiff argues that his proposed amended complaint relates back because it covers Defendant's "continued illegal conduct in refusing to return Plaintiff to his Supervisor position during the" TAP. Reply at 4. While this argument might have been relevant if the Court were considering a proposed amendment to add allegations regarding a second adverse employment action that took place in September 2012, as Plaintiff stated in his moving papers, it is beside the point given Plaintiff's date change to September 2011, the same date as the allegations in the original complaint. As the two adverse actions are now alleged to have occurred in the same month, so one cannot meaningfully "relate back" to the other.

For all of the foregoing reasons, Plaintiff's motion for leave to amend his complaint is DENIED.

8

Dated: December 19, 2014

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge